1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| LEAH BABIARZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC d/b/a PMI WORLDWIDE,<br><br>        Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Linda Babiarz ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Pacific Market International, LLC d/b/a PMI Worldwide ("PMI" or "Defendant") and alleges the following based on personal knowledge as to herself, and as to all other matters, upon information and belief, including investigation conducted by her attorneys:

**INTRODUCTION**

1. This is a nationwide class action brought by Plaintiff on behalf of herself and other similarly situated consumers who purchased the Stanley Switchback travel mug, available in 12 oz and 16 oz cups, and/or the Stanley Trigger Action travel mug,

CLASS ACTION COMPLAINT - 1

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

1  available in 12 oz, 16 oz, and 20 oz cups (collectively, the "Noticed Products")[1] for

2  personal or household use and not for resale ("Class" or "Class Members")[2].

3      2. On December 12, 2024, Defendant PMI d/b/a Stanley 1913 ("Stanley" or

4  "Defendant") and the U.S. Consumer Product Safety Commission ("CPSC") announced

5  a recall of over 2.6 million stainless steel travel mugs spanning eleven different product

6  numbers.[3] Consumers were warned to "immediately stop using the recalled travel

7  mugs" because the "mug's lid threads can shrink when exposed to heat and torque,

8  causing the lid to detach during use, resulting in a burn hazard."[4]

9      3. The link to the CPSC recall warning consumers to "immediately stop using the

10  recalled travel mugs" stays tucked away on a remote portion of Stanley's website that

11  few people are likely to see.[5] Thus, Stanley admits the travel mugs are unsuitable for

12  their intended purpose and pose an unreasonable safety hazard; yet, it refuses to give

13  customers any money back for these defective products.

14      4. Instead, Stanley implemented a wholly deficient recall whose primary objective

15  is to protect its bottom line.

16                              **PARTIES**

17      5. Plaintiff Babiarz is, and at all relevant times was, an Illinois citizen residing in

18  Chicago Ridge, Illinois. Plaintiff purchased a 16-ounce Stanley Trigger Action travel

19  mug with the product identification number 20-02030. Plaintiff purchased the travel

20  mug from a Dick's Sporting Goods store in Chicago Ridge, Illinois and paid

21  approximately $25 cash.

22

23

24  [1] Plaintiff reserves the right to amend or modify the definition of the Notice Products based on information learned in discovery and further investigation.

25  [2] The precise definition of the Class is found below. Plaintiff reserves the right to amend or modify the definition of the Class based on information learned in discovery and further investigation.

26  [3] https://www.cpsc.gov/Recalls/2025/Stanley-Recalls-2-6-Million-Switchback-and-Trigger-Action-Travel-Mugs-Due-to-

27  Burn-Hazard (Last accessed: January 14, 2025).
    [4] *Id.*

28  [5] Even the CSPC's link to Stanely's website about the recall takes consumers to Defendant's shopping page to purchase new products rather than a recall page with information about the Noticed Products.

CLASS ACTION COMPLAINT - 2

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

6. Plaintiff's Product is part of the Recall and part of the Noticed Products subject to this litigation.

7. Before purchasing the travel mug, Plaintiff carefully reviewed the mug and its packaging and labeling on the shelf within Dick's Sporting Goods. Neither source disclosed the existence of the defect. The fact that the travel mugs are defective is material to Plaintiff. If Stanley's product packaging or website had disclosed the defect, then Plaintiff would not have purchased the travel mug, or she would have purchased it on different terms. The Noticed Product is essentially worthless to Plaintiff as she is unable to use it for its essential purpose and core functionality.

8. Defendant Pacific Market International, LLC d/b/a PMI Worldwide is a Washington limited liability company with its principal place of business at 2401 Elliot Avenue, Fl. 4, Seattle, Washington. It is engaged in the business of designing, manufacturing, producing, advertising, selling, and/or distributing the various types of drinkware and cookware, including the Stanley 1913 line of tumblers and travel mugs. Per Stanley, its products are known for their purported durability and ability to keep drinks hot or cold for extended periods using double-walled vacuum insulation. Stanley develops and ships its products to purchasers, resellers, and distributors throughout the United States, and creates the website, specifications, and advertisements referring to their products in and/or disseminates them from this State. Stanley operates an online retail store where its travel mugs are sold, found at https://www.stanley1913.com/.

9. Upon information and belief, the members of Stanley are located in this State and are citizens of this State.

## JURISDICTION AND VENUE

10. This This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because (i) there are 100 or more class members, (ii) this is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and (iii) there is minimal diversity

CLASS ACTION COMPLAINT - 3

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

because at least one member of the proposed class is citizen of state different from Defendant. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction pursuant to 18 U.S.C. §§ 1965(b) & (d) because Defendant maintains its principal place of business in this State and, upon information and belief, its members are citizens of this State, and because Defendant maintains minimum contacts with the United States and this State and intentionally avails itself of the laws of the United States and this State by conducting a substantial amount of business in this State. All relevant business decisions were made by Defendant in Washington. A substantial portion of the events giving rise to the claims alleged here occurred in Washington.

12. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and because Defendant is headquartered in this District and, upon information and belief, its members are located here.

## COMMON FACTUAL ALLEGATIONS

13. Stanley tumblers and travel mugs are increasingly popular products that come in various sizes, colors, and designs and are sold online and at various retail stores throughout the United States. Stanley uniformly markets these products as durable, leak-proof, and insulating, keeping drinks hot or cold for hours, BPA-free and made of stainless steel.

14. Stanley tumblers and travel mugs have become a viral sensation on social media. The Stanley Quencher tumbler model is largely responsible for Stanley going from a reported $73 million in revenue in 2019 to $750 million in 2023.

15. On December 12, 2024, Defendant PMI d/b/a Stanley 1913 ("Stanley" or "Defendant"), and the U.S. Consumer Product Safety Commission ("CPSC") announced a recall of over 2.6 million stainless steel travel mugs spanning eleven

CLASS ACTION COMPLAINT - 4

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

1    different product numbers ("Noticed products").[6] Consumers were warned to

2    "immediately stop using the recalled travel mugs" because the "mug's lid threads can

3    shrink when exposed to heat and torque, causing the lid to detach during use, resulting

4    in a burn hazard."[7]

5        16. At the time of the recall, the CPSC and Defendant were aware of at least 38 burn

6    injuries and 91 reports of the lid detaching during use.[8]  Eleven of these consumers

7    required medical attention due to burns. Upon information and belief, countless

8    consumers have experienced the travel mugs' lids loosening, leaking, and/or detaching.

9        17. **Noticed Products**: The Stanley travel mugs at issue, in this case, were and

10   continue to be sold nationwide at major retailers like Amazon.com, Walmart, Dick's

11   Sporting Goods, Target, and other stores nationwide and online starting June 2016 for

12   between $20 and $50 depending on the model. The recall involves two models: (1) the

13   Stanley Switchback, available in 12 oz and 16 oz cups; and (2) the Stanley Trigger

14   Action, available in 12 oz, 16 oz, and 20 oz cups. The product identification numbers

15   for recalled models can be found at the bottom of the mug and include: 20-01437, 20-

16   01436, 20-02211, 20-02033, 20-02779, 20-02825, 20-02030, 20-02745, 20-02957, 20-

17   02034, and 20-02746.

18       18. The defect affects all 2.6 million units of the Noticed Products, and the cause of

19   the defect is the same for all Noticed Products.

20       19. Per the CPSC, the travel mugs' "lid threads can shrink when exposed to heat and

21   torque, causing the lid to detach during use, posing a burn hazard."[9] The defect also

22   causes the lid to become loose and leak even when it does not fully detach.

23       20. At the time of the recall, the CPSC and Defendant were aware of at least 38 burn

24   injuries and 91 reports of the lid detaching during use. Eleven of these consumers

25

26   [6] https://www.cpsc.gov/Recalls/2025/Stanley-Recalls-2-6-Million-Switchback-and-Trigger-Action-Travel-Mugs-Due-to-
     Burn-Hazard (Last accessed: January 21, 2025).
27   [7] Id.
     [8] Id.
28   [9] Id.
     CLASS ACTION COMPLAINT - 5

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

1
2
required medical attention due to burns. Upon information and belief, countless consumers have experienced the travel mugs' lids loosening, leaking, and/or detaching.

3
4
5
6
7
8
21. Defendant described and continues to describe the Noticed Products as "leakproof" travel mugs that "can take a beating" and "keep[] your beverage hot for up to 10 hours."[10] The product page for the travel mugs further states the Trigger Action models have a "leak resistant cap," and claims the "trigger action lid makes this travel thermos spill-proof and easy for one-handed use" so that "you can throw this in your work bag without worrying."[11]

9
10
11
12
13
14
22. However, Defendant failed to disclose that due to a defect in the materials, workmanship, and/or design, users of the travel mug were prone to experiencing leaks or lid detachment. This defect results in an unreasonable risk of burn injury. This material fact was concealed and/or suppressed by Defendant, and Defendant's omissions pertain to an unreasonable safety hazard that reasonable consumers consider to be material.

15
16
17
23. Plaintiff and class members would not have bought the travel mugs, or would not have bought them on the same terms, if the defect had been disclosed. The materiality of the defect also is demonstrated by the existence of the recall.

18
19
20
21
24. Defendant wholly failed to disclose the defect on the product packaging, the product page of its website, the owner's manual, the product pages of other retailers who acted as Defendant's agents, or in any other customer-facing document. To the extent the products were sold at brick and-mortar locations, such as Walmart, Dick's

22
23
24
25
26
27

[10] *See* Stanley Classic Trigger Action 16 oz Travel Mug Product Page at https://www.amazon.com/Stanley-Classic-Trigger-Action-Travel-16oz/dp/B07L6MNPHR/ref=sr_1_18?crid=4KLBKSXBADO6&dib=eyJ2IjoiMSJ9.UE2TjmLZ2Enl5U2Dc3rNzw-gWWz_7l_fGxujsjW99ZEh494cQKl8JiDI_Bz4g68ACUZjeGrBVydLi84Np0qRjf6RrqK1vbEU3NO-wwsc76KGrsE3DEf5rMUcgHuOCC07JEPd_ylp_9Xnf1hORLFx6gjeN0a8aL5H_-_KK2NAYSquYZpA-ZjgbkjOge7r7WQj8NbFxcIAozWejXcqID_3sh5dJucnn6iQdZt5sneiu336KsIkvvEdAtFi7_Ok3sYbUvKtLbQAMlEMc-tbfWNOGcaMePTvVA3bQu5wYEkgSmw.znWRH8CaBbHqjXidA96RTM6v47AyuTyDLVdPRIauMTY&dib_tag=se&keywords=stanley%2Bswitchback&qid=1736949629&sprefix=stanley%2Bswitchback%2Caps%2C116&sr=8-18&th=1 (Last accessed January 21, 2024).

28
[11] *Id.*

CLASS ACTION COMPLAINT - 6

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

1
2
Sporting Goods, and Target, sales personnel and customer service representatives did not disclose the defect, and no other signage or labeling did either.

3
4
5
25. At the time of purchase, Plaintiff and class members did not know or have reason to know that the travel mugs were defective. Defendant had exclusive knowledge of that fact.

6
7
8
9
10
26. Defendant made partial representations to Plaintiffs and class members, while suppressing the safety defect. Specifically, by describing the travel mug's features with language such as leakproof, leak resistant, and spill-proof, the product packaging and product webpages implied that they were suitable as travel mugs, without disclosing that they had a critical safety-related defect related to the lid.

11
12
27. Before the Noticed Products were first launched, Defendant knew about the defect because of pre-release testing.

13
14
15
16
17
18
28. After launch, Defendant monitored a variety of sources of information to detect signs of defects. These sources of information include warranty claim data, customer complaints to Defendant, replacement part data, and field reports. Defendant knows that for every complaint made, there is a statistical likelihood that there were many more unreported incidents. Defendant made projections about the likely manifestation rate and future warranty claims based on the number of known complaints.

19
20
21
22
23
24
25
26
29. The customer complaints about the travel mugs also would have put Defendant on notice of the defect and contributed to its pre-sale knowledge of the defect, because the defect is the same or substantially similar in all material respects. Defendant received 91 reports worldwide, including 16 in the U.S., of the recalled travel mugs' lids detaching during use, resulting in 38 burn injuries worldwide, including two burn injuries in the U.S., with 11 consumers worldwide requiring medical attention. Upon information and belief, the number of reports about the defect – both the lid detaching and simply leaking – was significant. The number of reports and incidents clearly

27
28

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

indicate a systemic problem with the Noticed Products and were similar in nature as to put Defendant on notice that its products had a defect.

30. Defendant also would have known about consumer complaints to the CPSC. When a consumer posts a complaint on the CPSC website, all of the relevant information provided to the CPSC is automatically sent via email to the manufacturer and retailers. Monitoring complaints to the CPSC is a standard industry practice that serves as an early warning mechanism to spot defects that cause safety hazards, and Defendant adheres to that practice. In short, Defendant knew with certainty that the defect would manifest and continue to plague consumers who purchased the products at issue.

31. Under the recall, Defendant will only provide a replacement lid for the travel mug. No cash refunds are provided, partial or otherwise. This remedy is not viable for people who either no longer trust the reliability of Stanley's travel mugs and lids in general, or no longer have the travel mug because they disposed of it due to the defect.

32. Further, the functionality and features of the replacement lids are obviously inferior to the original lids. For example, with respect to the Trigger Action mugs, replacement lids lose the functionality of the trigger, cannot break down for easy cleaning, and no longer match the style and design of the mug as seen below with Plaintiff's replacement lid. The replacement lids give the mugs an overall inferior value and price, causing consumers to lose the value of their mugs as a result of the recall.

33. Any requests for refunds are denied. A consumer has only one option: receive a replacement lid.

34. Moreover, this replacement option is only available to those consumers who still have the travel mug at their home; consumers who already discarded the travel mug because they experienced the lid loosening, leaking, and/or detaching are left entirely without recourse.

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

35. Further, the recall was only briefly publicized and in a very limited manner.. The amount and reach of the publicity concerning the notice of recall were not comparable to the typical notice provided in a class action.

36. Plaintiff Babiarz is, and at all relevant times was, an Illinois citizen residing in Chicago Ridge, Illinois.

37. Plaintiff purchased a pink 16-ounce Stanley Trigger Action travel mug with the product identification number 20-02030. Plaintiff purchased the travel mug from a Dick's Sporting Goods store in Chicago Ridge, Illinois and paid approximately $25 cash.

38. Plaintiff learned of and participated in the recall and received the inadequate replacement lid.

## CLASS ALLEGATIONS

39. Plaintiff brings this action individually and on behalf of all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), 23(b)(3), and 23(c)(4) on behalf of herself and the members of the following proposed classes:

> **Nationwide Class:** All persons in the United States who purchased the Noticed Products in the United States for personal use and not resale during the fullest period of law.

> **Illinois Subclass:** All persons in the United States who purchased the Noticed Products in the United States for personal use and not resale during the fullest period of law.

40. Excluded from the Classes are (a) any officers, directors or employees, or immediate family members of the officers, directors, or employees of the Defendant or any entity in which the Defendant has a controlling interest, (b) any legal counsel or

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah, WA 98027
425.395.7784

employee of legal counsel for the Defendant, and (c) the presiding Judge in this lawsuit, as well as the Judge's staff and their immediate family members.

41. Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

42. Plaintiff seeks only damages and equitable relief on behalf of herself and the putative Classes. Plaintiff disclaims any intent or right to seek any recovery in this action for personal injuries, wrongful death, or emotional distress suffered by Plaintiff and/or putative Class Members.

43. **Numerosity:** The Members of the Class and Subclasses are so numerous and geographically disbursed that joinder of all members is impracticable. While the exact number of Class Members is presently unknown, it likely consists of millions of people throughout the United States as the recall covers approximately 2.6 million Noticed Products. The Class is readily identifiable from information and records in the possession of Defendant and its authorized distributor and retailers. Class Members may be notified of the pendency of this action by mail and/or electronic mail, which can be supplemented if deemed necessary or appropriate by the Court with published notice.

44. **Typicality:** The claims of the representative Plaintiff are typical in that Plaintiff, like all Class Members, purchased a Noticed Product that was manufactured, marketed, advertised, distributed, and/or sold by Defendant. Plaintiff, like all Class Members, was damaged by Defendant's uniform misconduct in that, *inter alia*, she has incurred or will continue to incur damage as a result of overpaying for the Noticed Product that was manufactured with the Defect, which makes it unusable, inherently dangerous, and not fit for its intended use, and which is subject to an inadequate recall. Furthermore, the factual basis of Defendant's misconduct is common to all Class Members because it engaged in systematic fraudulent behavior that was deliberate, as well as negligent misconduct, and results in the same injury to all Class Members. Plaintiff is advancing

CLASS ACTION COMPLAINT - 10

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

1  the same claims and legal theories on behalf of herself and all members of the Classes

2  she seeks to represent.

3      45. **Predmonince of Common Questions of Law and Fact:** Common questions of

4  law and fact exist as to all Members of the Classes. These questions predominate over

5  questions that may affect only individual Class Members because Defendant has acted

6  on grounds generally applicable to the Classes. Such common legal or factual questions

7  include, inter alia:

8      a. Whether the Noticed Products are defectively designed and/or

9         manufactured;

10     b. Whether Defendant knew or should have known about the defect in its

11        Noticed Products prior to distributing and selling them to Plaintiff and

12        Class Members;

13     c. Whether Defendant concealed from and/or failed to disclose to Plaintiff

14        and Class Members that the Noticed Products contained a uniform defect;

15     d. Whether Defendant failed to adequately warn Plaintiff and Class Members

16        that the Noticed Products contained the defect, were not safe or suitable

17        for use, and placed consumers at risk of injury, including burn injuries;

18     e. Whether Defendant engaged in unfair, unconscionable, or deceptive trade

19        practices by selling and/or marketing the Noticed Products containing the

20        defect;

21     f. Whether Defendant's claims about the Noticed Products being safe and

22        suitable for hot beverages and being leak-proof are reasonably likely to

23        deceive;

24     g. Whether Defendant's claims about the Noticed Products being safe and

25        suitable for hot beverages and being leak-proof are material to reasonable

26        consumers;

27

28

CLASS ACTION COMPLAINT - 11

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

h. Whether Defendant concealed from and/or failed to disclose to Plaintiff and Class Members that the Noticed Products are not safe and not suitable for consumer use;

i. Whether Defendant violated the consumer protection laws alleged herein;

j. Whether Defendant has been unjustly enriched;

k. Whether Plaintiff and the members of the Class are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount and nature of such damages; and

l. Whether Plaintiff and the members of the Class are entitled to injunctive, declaratory, or other equitable relief including enjoining Defendant from selling and marketing the Noticed Products containing the defect.

46. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of herself and other Class Members. Similar or identical statutory violations, common law wrongs, business practices, and injuries are involved. Individual questions, if there are any, pale by comparison, in both quality and quantity, to the numerous common questions that predominate in this action.

47. **Adequacy:** Plaintiff will fairly and adequately protect the interests of Class Members. She has no interests antagonistic to those of Class Members. Plaintiff retained attorneys experienced in the prosecution of class actions, including consumer products, product defects, misrepresentation, mislabeling, and class actions, and Plaintiff intends to prosecute this action vigorously.

48. **Injunctive/Declaratory Relief:** The elements of Rule 23(b)(2) are met. Defendant will continue to commit the unlawful practices alleged herein, and Plaintiff and Class Members will continue to be harmed by Defendant's misrepresentations and omissions and unknowingly be exposed to the risk of serious harm associated with the Noticed Products. Defendant has acted and refused to act on grounds that apply generally to the Class, such that final injunctive relief, public injunctive relief, and

CLASS ACTION COMPLAINT - 12

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah, WA 98027
425.395.7784

1    corresponding declaratory relief are appropriate respecting the Class as a whole.

2    Injunctive relief, and specifically public injunctive relief, is necessary in this action.

3    49. Plaintiff further seeks injunctive and declaratory relief requiring Defendant to

4    cease its unfair, deceptive, and unlawful conduct, including a complete recall of the

5    entire product and full reimbursement for the full purchase price.  Plaintiff and Class

6    Members have been harmed and will experience irreparable future harm should

7    Defendant's conduct not be enjoined because they may continue to use the Noticed

8    Product, which still contains the defect.

9    50. Plaintiff and members of the putative class are entitled to equitable relief because

10   no adequate remedy at law exists. Legal remedies are inadequate because they are not

11   equally prompt and certain and in other ways efficient as equitable relief.

12   51. Damages are not equally certain as restitution because the standard that governs

13   restitution is different than the standard that governs damages. Hence, the Court may

14   award restitution even if it determines that Plaintiff fails to adduce evidence to support

15   an award of damages sufficiently.

16   52. Damages and restitution are not the same amount. Unlike damages, restitution is

17   not limited to the amount of money Defendant wrongfully acquired plus the legal rate

18   of interest. Equitable relief, including restitution, entitles a plaintiff to recover all profits

19   from the wrongdoing, even where the original funds taken have grown far greater than

20   the legal rate of interest would recognize. Plaintiff seeks non-restitutionary

21   disgorgement of profits in connection with her unjust enrichment claims.

22   53. **Superiority.** A class action is superior to any other available methods for the

23   fair and efficient adjudication of the present controversy for at least the following

24   reasons:

25        a. The damages suffered by each individual member of the putative
26          Classes do not justify the burden and expense of individual
27          prosecution of the complex and extensive litigation necessitated by
           Defendant's conduct;

28

CLASS ACTION COMPLAINT - 13

WYATT GRONSKI
PLLC
_____
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah, WA 98027
425.395.7784

b.  Even if individual members of the Classes had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

c.  The claims presented in this case predominate over any questions of law or fact affecting individual members of the Classes;

d.  Individual joinder of all members of the Classes is impracticable;

e.  Absent a Class, Plaintiff and members of the putative Classes will continue to suffer harm as a result of Defendant's unlawful conduct; and

f.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiffs and members of the putative Classes can seek redress for the harm caused by Defendant.

54. In the alternative, the Classes may be certified for the following reasons:

i.  The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication concerning individual members of the Classes, which would establish incompatible standards of conduct for Defendant;

ii.  Adjudications of claims of the individual members of the Classes against Defendant would, as a practical matter, be dispositive of the interests of other members of the putative Classes who are not parties to the adjudication and may substantially impair or impede the ability of other putative Class Members to protect their interests; and

iii.  Defendant has acted or refused to act on grounds generally applicable to the members of the putative Classes, thereby making appropriate final and injunctive relief concerning the putative Classes as a whole.

55. The claims presented in this case predominate over any questions of law or fact affecting individual Class Members.

56. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

CLASS ACTION COMPLAINT - 14

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

57. Defendant implemented uniform procedures relating to the Recall, which resulted in uniform damage to Plaintiff and Class Members. As a result, Defendant has acted or refused to act on grounds generally applicable to each Class Member, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**CLAIMS FOR RELIEF**
**COUNT I**
**Violations of the Washington Consumer Protection Act ("WCPA"),**
**RCW 19.68 *et seq.***
**(Plaintiff individually and on behalf of the Nationwide Class)**

58. Plaintiff hereby adopts and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

59. Section 19.86.020 of the WCPA states, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW § 19.86.020.

60. Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

61. Defendant engages in the conduct of trade or commerce within the meaning of the CPA. Defendant does this by selling travel mugs in a manner that directly and indirectly affects people of the state of Washington. Further, Defendant sells its travel mugs nationwide.

62. As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in their advertisements to Class members, constituting acts of unfair methods of competition and/or unfair or deceptive acts or practices.

CLASS ACTION COMPLAINT - 15

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

63. Defendant has represented and continues to represent to the public, including Plaintiff and members of the Nationwide Class and Illinois Class, through its deceptive packaging, that the travel mugs are free of the defect alleged herein, are fit for the purpose for which the travel mug would be used, and conform to the promises or affirmations of fact made on the package or label and advertising materials. Because Defendant has disseminated misleading information regarding the travel mugs, and Defendant knows, knew, or should have known, through the exercise of reasonable care, that the representations Defendant made are false and misleading, Defendant has violated the CPA.

64. As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class and Illinois Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to her and members of the Nationwide Class and Illinois Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the CPA or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Nationwide Class and Illinois Class may be irreparably harmed and/or denied an effective and complete remedy.

65. Defendant acted with knowledge and intent. This caused Plaintiff and putative class members to make purchases they otherwise would not have made, pay more for their purchases, and deprived them of their expectancy interest in receiving the travel mugs as advertised.

## <u>COUNT II</u>
**Violations of The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS §§ 505-1, *et seq.***
**(Plaintiff Individually and on behalf of the Illinois Subclass)**

66. Plaintiff, individually and on behalf of the Illinois Subclass, brings this cause of action and hereby adopts and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

67. The conduct described herein constitutes unfair methods of competition or deceptive acts or practices in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA"), 815 ILCS §§ 505-1, *et seq.*

68. Plaintiff and Illinois Subclass Members are "persons" within the context of 815 ILCS § 505-1(c).

69. Defendant is a "person" within the context of the ICFA, 815 ILCS § 505/1(c).

70. At all times relevant hereto, Defendant was engaged in trade or commerce as defined under the ICFA, 815 ILCS § 505/1(f).

71. Plaintiff and the Illinois Subclass members are "consumers" who purchased the Noticed Products for personal, family, or household use within the meaning of the ICFA, 815 ILCS § 505/1(e).

72. The ICFA prohibits engaging in "unfair or deceptive acts or practices … in the conduct of any trade or commerce…." ICFA, 815 ILCS § 505/2.

73. The ICFA prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices, including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the Uniform Deceptive Trade Practices Act ("UDTPA"). 815 ILCS § 505/2.

74. Plaintiff and the other Illinois Subclass Members reasonably relied upon Defendant's misrepresentations and omissions alleged herein regarding the Noticed Products, specifically regarding the safety of the Noticed Products and their leak-proof qualities.

75. Defendant's conduct, as described herein, took place within the State of Illinois and constitutes unfair or deceptive acts or practices in the course of trade and commerce, in violation of 815 ICFA § 505/1, et seq.

76. Defendant violated the ICFA by representing that the Noticed Products have characteristics or benefits that they do not have. 815 ILCS § 505/2; 815 ILCS §

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

510/2(7).  Specifically, Defendant represented the Noticed Products to be safe, reliable, and leak-proof. This representation was false at the time it was made.

77. Defendant advertised the Noticed Products with the intent not to sell them as advertised, in violation of 815 ILCS § 505/2 and 815 ILCS § 510/2(9).  Specifically, Defendant advertised the Noticed Product to be safe, reliable, and leak-proof. At the time those Noticed Products were advertised, Defendant intended not to sell the product as described.

78. At no point were the Noticed Products represented to suffer from a material defect that impacts both the performance, use, and safety of the Noticed Products.

79. Defendant engaged in fraudulent and/or deceptive conduct, which creates a likelihood of confusion or misunderstanding in violation of 815 ILCS § 505/2; 815 ILCS § 510/2(3). Specifically, before placing the Noticed Products into the stream of commerce and into the hands of consumers, including Plaintiff and reasonable consumers, Defendant knew or should have known that the Noticed Products had a serious defect, and were otherwise not able to safely or reliably function as intended and created a serious risk to injury of the user, but Defendant omitted and concealed this material fact to consumers, including Plaintiff and Class members, by continuing to place the Noticed Products into the stream of commerce without any notice or disclosure of the material defect.

80. Before placing the Noticed Products into the stream of commerce and into the hands of consumers, including Plaintiff and reasonable consumers, Defendants knew or should have known that the Products had a serious defect, and were otherwise not able to safely or reliably function as intended and created a serious risk of injury, but Defendant omitted and concealed this material fact to consumers, including Plaintiff and Illinois Subclass members, by continuing to place the Noticed Products into the stream of commerce without any notice or disclosure of the material defect.

CLASS ACTION COMPLAINT - 18

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

81. Defendant chose to market the Noticed Products in this way to impact consumer choices and gain market share. They are aware that all consumers who purchased the Products were exposed to and would be affected by their misrepresentations and omissions and would reasonably believe that the Products safely and reliably functioned and were safe for use by the user, and that Defendant's marketing materials, including representations and omissions, were otherwise accurate. However, Defendant's representations are false and misleading because the Noticed Products contain a material defect, are not safe for use by its user, and do not function safely or reliably.

82. Defendant then chose to remedy this material defect by providing consumers with an inadequate recall.

83. By continuing to place the Noticed Products into the stream of commerce without any notice or disclose of the material defect, despite Defendant having known (or should have known) that the Noticed Products had a serious defect and were not able to safely or reliably function, Defendant engaged in a deceptive act or practice.

84. Defendant intended that Plaintiff and each of the other Illinois Subclass members would reasonably rely upon the representations, misleading characterizations, and material omissions concerning the true nature of the Noticed Products.

85. Defendant's representations, concealment, omissions, and other deceptive conduct were likely to deceive and cause misunderstanding and/or cause Plaintiff and the other Illinois Subclass members to be deceived about the true nature of the Noticed Products.

86. Plaintiff and Illinois Subclass Members have been damaged as a proximate result of Defendant's violations of the ICFA. They have suffered damages as a direct and proximate result of purchasing the Noticed Products.

87. As a direct and proximate result of Defendant's violations of the ICFA, as set forth above, Plaintiff and the Illinois Subclass members have suffered ascertainable losses of money caused by Defendant's representations and material omissions

CLASS ACTION COMPLAINT - 19

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

regarding the ability of the Noticed Products to function as intended, specifically related to their safety.

88. Had they been aware of the true nature of the Noticed Products, Plaintiff and Illinois Subclass Members would have paid less or would not have purchased them at all.

89. Based on Defendant's unfair and/or deceptive acts or practices, Plaintiff and the Illinois Subclass members are entitled to relief, including restitution, actual damages, treble damages, punitive damages, costs, and attorney's fees, under 815 ILCS § 505/10a. Plaintiff and Illinois Subclass members are also entitled to injunctive relief, seeking an order enjoining Defendant's unfair and/or deceptive acts or practices.

## COUNT III
### Unjust Enrichment
### (Plaintiff Individually and on Behalf of the Nationwide Class)

90. Plaintiff, individually and on behalf of the Nationwide Class and/or the Illinois Subclasses, brings this cause of action in the alternative and hereby adopts and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

91. Plaintiff and putative Class Members conferred a benefit on Defendant when they purchased the Noticed Products, which Defendant knew.

92. Defendant either knew or should have known that the payments rendered by Plaintiff and the Class were given with the expectation that the Noticed Products would have the qualities, characteristics, and suitability for use represented and warranted by Defendant. As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

93. By its wrongful acts and omissions described herein, including selling the Noticed Products, which contain a defect described in detail above and did not otherwise perform as represented and for the particular purpose for which they were

CLASS ACTION COMPLAINT - 20

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah, WA 98027
425.395.7784

intended, Defendant was unjustly enriched at the expense of Plaintiff and putative Class Members.

94. Defendant's unfair and unlawful conduct includes, among other things, designing, manufacturing, and selling the Noticed Products with the defect as well as making false and misleading representations about the Noticed Products through its misrepresentations and omissions regarding safety such as representing that is safe, reliable, and leak-proof. Defendant falsely represented the Noticed Products as being safe, reliable, and leak-proof in its packaging, labeling, marketing, advertising, and promotions.

95. While Plaintiffs and Class Members were harmed at the time of purchase, Defendants were unjustly enriched by their misrepresentations, false statements and/or material omissions.

96. Plaintiffs and Members of the Class were harmed when they purchased Defendant's Noticed Products as a result of Defendant's misrepresentations, false statements and/or material omissions, as described in this Complaint. Plaintiff and the Class Members have suffered injury in fact and lost money as a result of paying the price they paid for the Noticed Product due to Defendant's unlawful, unfair, and fraudulent business practices.

97. Defendant's conduct allows them to knowingly realize substantial revenues from selling the Noticed Products at the expense of, and to the detriment of, Plaintiff and Class Members, and to Defendant's benefit and enrichment. Defendant's retention of these benefits violates fundamental principles of justice, equity, and good conscience.

98. Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the Noticed Products, which were not as Defendant represented them to be.

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah,WA 98027
425.395.7784

99. Under common law principles of unjust enrichment and quasi-contract, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

100. Plaintiff and Members of the Classes seek disgorgement of all profits resulting from such overpayment.

101. Putative Class Members lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained because of its unjust conduct.

<u>COUNT IV</u>
**Negligent Misrepresentation**
**(Plaintiff Individually and on Behalf of the Nationwide Class)**

102. Plaintiff, individually and on behalf of the Nationwide Class, or alternatively the Illinois Subclass, brings this cause of action and hereby adopts and incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

103. Defendant had a duty to give correct information to Plaintiff and Class Members regarding the truth and accuracy of the material facts concerning the safety risks and deficiencies posed by the Noticed Products, including knowledge of the defect. Defendant had sole possession and control of this information and had a duty to disclose it accurately to Plaintiff and Class Members.

104. Defendant created a special relationship with Plaintiff and Class Members through their misrepresentations and omissions regarding safety and through their designing, manufacturing, marketing, and selling the Noticed Products as a product that was safe, reliable, and leak-proof.

105. Defendant made misrepresentations to Plaintiff and Class Members through their misrepresentations and omissions regarding reliability and safety, *inter alia*, that the Noticed Products are safe and leak-proof. These misrepresentations were made with

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

the direct purpose of inducing Plaintiff and Class Members into purchasing the Noticed Products.

106. Because the defect in the Noticed Products could not be detected until after it manifested, and because Defendant purposefully concealed the defective nature of the Noticed Products and the serious safety risks caused by the defect, Plaintiff and the Class Members were not reasonably able to discover the defect, despite their exercise of due diligence.

107. Defendant omitted, concealed, and failed to disclose to consumers that the Products pose serious safety risks to infants, including that the Products are inherently defective; unreasonably dangerous; not fit to be used for their intended purpose; and/or are capable of causing serious injury and death to infants. Rather than disclose this information, Defendants marketed the Products as safe and suitable for their intended purpose, infant sleep.

108. Defendants intentionally concealed and/or failed to disclose such material facts for the purpose of inducing consumers, including Plaintiff and other Class Members, to purchase the Products.

109. Plaintiff and other Class Members, without knowledge of the true nature of the Noticed Products, justifiably acted or relied upon the concealed and/or nondisclosed material facts to their detriment, as evidence by their purchase of the Noticed Products.

110. As a direct and proximate result of Defendant's concealment and/or nondisclosure of material facts, consumers, including Plaintiff and other Class Members have been damaged as alleged herein, and are entitled to recover damages. Plaintiff and other Class Members would not have purchased the Noticed Products on the same terms had they known that the Noticed Products posed serious safety risks and did not adhere to the advertised qualities.

111. Plaintiff and Class Members are entitled to all relief the Court finds proper as a result of Defendant's conduct described herein.

## COUNT V

WYATT GRONSKI
PLLC
ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

**Fraud by Omission**
**(Plaintiff individually and on behalf of the Nationwide Class)**

112. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

113. Plaintiff brings this cause of action individually and on behalf of all other Class Members.

114. This claim is based on fraudulent omissions concerning the safety of consumers who use the travel mugs. As discussed above, Defendant failed to disclose that the travel mugs had a dangerous defect.

115. The false and misleading omissions were made with knowledge of their falsehood. Defendant is a nationwide manufacturer and distributor who knew of reports of the travel mugs' defective and dangerous nature. Nonetheless, Defendant continued to sell its worthless travel mugs to unsuspecting consumers.

116. The false and misleading omissions were made by Defendant, upon which Plaintiff and Class Members reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and Class Members to purchase the travel mugs.

117. The fraudulent actions of Defendant caused damage to Plaintiff and Class Members, who are entitled to damages and punitive damages.

118. Plaintiff seeks all relief available under this cause of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated members of the Class, prays for relief and judgment, including entry of an order:

A. Declaring that this action is properly maintained as a class action, certifying the proposed Class, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

CLASS ACTION COMPLAINT - 24

**WYATT GRONSKI**
PLLC

ATTORNEYS
540 Newport Way NW, Suite 200
Issaquah, WA 98027
425.395.7784

B.  Directing that Defendant bear the costs of any notice sent to the Class;

C.  Declaring that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits they received from the sale of the Noticed Products or order Defendant to make full restitution to Plaintiff and the members of the Class;

D.  Awarding restitution and other appropriate equitable relief;

E.  Granting an injunction against Defendant to enjoin it from conducting its business through the unlawful, unfair, and fraudulent acts or practices set forth herein;

F.  Granting an Order requiring Defendant to fully and adequately disclose the safety risks associated with the Noticed Products to anyone who may still be at risk of buying and using the Noticed Products;

G.  Granting an Order requiring Defendant to fully and adequately disclose the recall;

H.  Ordering a jury trial and damages according to proof;

I.  Enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

J.  Awarding actual, compensatory, statutory, treble and punitive damages pursuant to applicable law;

K.  Awarding attorneys' fees and litigation costs to Plaintiff and members of the Class;

L.  Awarding prejudgment interest, and punitive damages as permitted by law; and

M.  Ordering such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

CLASS ACTION COMPLAINT - 25

WYATT GRONSKI
PLLC

ATTORNEYS
540 Newport Way NW,Suite 200
Issaquah, WA 98027
425.395.7784

1    Dated:  January 22, 2025          Respectfully submitted,

2                                      /s/Todd Wyatt
                                       _____
3                                      Todd Wyatt, WSBA #31608
                                       WYATT GRONSKI
4                                      540 Newport Way NW, Suite 200
                                       Issaquah, WA 98027
5                                      T: 425.395.7784
                                       E: todd@wdlawgroup.com
6

7                                      Lisa R. Considine*
                                       Mason A. Barney*
8                                      SIRI | GLIMSTAD LLP
                                       745 Fifth Avenue, Suite 500
9                                      New York, NY 10151
                                       Main: 212-532-1091
10                                     Facsimile: 646-417-5967
                                       mbarney@sirillp.com
11                                     lconsidine@sirillp.com

12                                     Kevin Laukaitis*
                                       **LAUKAITIS LAW LLC**
13                                     954 Avenida Ponce De Leon
                                       Suite 205, #10518
14                                     San Juan, Puerto Rico 00907
                                       Phone: (215) 789-4462
15                                     E-mail: klaukaitis@laukaitislaw.com

16                                     *Pro Hac Vice* Application Forthcoming

17                                     *Attorneys for Plaintiff and Putative Class
                                       Members*
18

19

20

21

22

23

24

25

26

27

28
CLASS ACTION COMPLAINT - 26                    **WYATT GRONSKI**
                                                        PLLC
                                                     ATTORNEYS
                                              540 Newport Way NW, Suite 200
                                                   Issaquah, WA 98027
                                                     425.395.7784